UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOROTHY WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV1144 TIA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Reverse and Remand [Doc. #15]. The suit involves an application for Disability Insurance Benefits under Title II of the Social Security Act. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## Procedural History

On October 16, 2007 Plaintiff filed an Application for Disability Insurance Benefits. (Tr. 104-110) The application was denied, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr.69-76) After a July 29, 2009 hearing, the ALJ issued a Decision on August 26, 2009, finding that Plaintiff was not disabled. (Tr. 9-64) On April 29, 2010, the Appeals Council denied Plaintiff's Request for Review. (Tr. 1-3) Thus, the ALJ's decision is the final decision of the Commissioner.

## Discussion

On June 25, 2010, Plaintiff filed this civil action for judicial review of the Commissioner's final decision, and the Commissioner filed his Answer on September 13, 2010. On October 12, 2010, Defendant filed a Motion to Reverse and Remand pursuant to sentence four of 42 U.S.C. § 405(g).

In the Motion, Defendant asserts that, after receipt of Plaintiff's complaint, Plaintiff was awarded benefits on a subsequent application. Based on that award, agency counsel requested that the Social Security Administration Appeals Council reconsider the Commissioner's decision. Upon review, the Appeals Council determined that remand was appropriate for further consideration. In addition, Defendant avers that upon receipt of the Court's remand order, the Appeals Council will further consider Plaintiff's claim in light of additional medical evidence associated with her subsequent award of benefits.

Two sentences in 42 U.S.C. § 405(g) govern remands. Shalala v. Schaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Defendant requests a remand under sentence four, which states that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause for a rehearing." Sentence four requires substantive ruling on the correctness of the administrative decision. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or without a remand order. See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.[1]

The undersigned has reviewed the record in light of Defendant's assertions in his motion to

---

[1] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand. However, the statute does not explicitly mandate such in depth evaluation. In the instant case, such review would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and Plaintiff has voiced no objection to the motion.

2

remand. Because the Appeals Council has agreed that remand is warranted, little discussion is necessary. However, it is worth noting that Defendant has indicated that Plaintiff has subsequently been awarded benefits based on additional medical evidence. Because the ALJ in this case did not consider the additional evidence, "further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different." Luna v. Astrue, __ F.3d __, 2010 WL 3981384, at *2 (9th Cir. 2010).

In light of the subsequent award of benefits, the case should be reversed and remanded for further consideration. On remand, the Appeals Council will reconsider Plaintiff's claim in light of additional medical evidence associated with her subsequent award. Because Defendant agrees that the case should be remanded, and Plaintiff has raised no objection, the Court will grant Defendant's motion for reversal and remand under sentence four.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Remand Reverse and Remand [Doc. #15] be **GRANTED** and this cause be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). A separate Judgment in accordance with this Memorandum and Order is entered this same date.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this __20th__ day of October, 2010.